[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15336
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00073 CR-1-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY WILLIS DAVIS,
a.k.a. Harry Willie Davis,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 2, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, CARNES and RONEY, Circuit Judges.

PER CURIAM:

We previously affirmed the conviction and sentence in this case. <u>See</u> <u>United States v. Davis</u>, No. 03-15336 (11th Cir. Oct. 13, 2004). The Supreme Court has vacated our prior judgment and remanded the case to us for further consideration in light of <u>Booker v. United States</u>, 543 U.S. __, 125 S.Ct. 738 (2005). Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming conviction and sentence.

When Davis was before this court prior to the <u>certiorari</u> petition being filed, he did not raise any issue based upon <u>Booker</u>, <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004), or <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000). While Davis had made a challenge to the drug quantity found by the judge at sentencing, he only challenged the sufficiency of the evidence. We have held that a challenge to sufficiency of the evidence is not sufficient to preserve a <u>Booker</u> claim. <u>United States v. Dowling</u>, __F.3d __, 2005 WL 658938 at *3 (11th Cir. Mar. 23, 2005).

Following the well-established rule in this circuit, <u>see</u> <u>United States v. Levy</u>, 379 F.3d 1241, 1242 (11th Cir. 2004), <u>reh'g en banc denied</u>, 391 F.3d 1327 (11th Cir. 2004), issues that are not timely raised in the briefs are deemed abandoned. In <u>United States v. Ardley</u>, 242 F.3d 989, 990 (11th Cir. 2001), we applied this rule to a case remanded from the Supreme Court in light of <u>Apprendi</u>. Recently, we applied <u>Ardley</u>

to a post-Booker remand and found that the defendant had abandoned his Booker claim because he failed to raise it at the district court or in his initial brief. United States v. Dockery, __F.3d__, 2005 WL 487735 (11th Cir. Mar. 3, 2005).

Our opinion affirming the conviction and sentence in this case is accordingly **REINSTATED**.