[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14191
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 01-00239-CR-J-99-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARREN LAMONT KEYS,
a.k.a. Roderick Bremby, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(June 27, 2005)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Darren Lamont Keys appeals the district court's denial of his two motions for adjustment of his restitution payment schedule.[1] The district court did not abuse its discretion, and we affirm.

A defendant who (1) fails to challenge the district court's calculation of restitution, either at his sentencing hearing or on direct appeal, and (2) fails to demonstrate the existence of exceptional circumstances that would excuse such failure, waives his right to object to the initial restitution calculation. *Cani v. United States*, 331 F.3d 1210, 1213–14 (11th Cir. 2003). Even if a defendant waives his right to object to the initial restitution calculation, however, a district court can modify a restitution order to reflect "a *bona fide* change in the defendant's financial condition, either positive or negative." *Id.* at 1215, *citing* 18 U.S.C. § 3664(k).

Keys failed to challenge the district court's restitution calculation either at his sentencing hearing or on direct appeal, and has failed to demonstrate the existence of exceptional circumstances that would excuse such failure. Consequently, he has waived his right to object to the initial restitution calculation. *See id.* at 1213–14. Furthermore, Keys has failed to demonstrate that

---

[1] Keys also asserts the district court's jury instructions were erroneous and that the district court's construction of 18 U.S.C. § 371 "violated the principles of Due Process and ex post facto clauses. These arguments are not properly before this Court, as neither of these issues were raised in Keys' motions below. *See United States v. Kent*, 175 F.3d 870, 871 n.1 (11th Cir. 1999).

his economic circumstances have changed in any way since the imposition of his sentence, thereby justifying a modification to the restitution order. Accordingly, Keys' "present financial status is no different from that contemplated by the district court when it imposed the restitution order." *See id.* at 1216. The district court did not err in denying his motions.

AFFIRMED.