ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
Before TJOFLAT and MARCUS, Circuit Judges, and MUSGRAVE*, Judge.
PER CURIAM:
On November 4, 2002, John Howard Va-norden, Jr. pled guilty to one count of receiving a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). The base offense level for this offense was seventeen. U.S. Sentencing Guidelines Manual § 2G2.2(a) (2002). The district court added two levels because the material involved depicted children under the age of twelve, id. § 2G2.2(b)(1), five levels because the offense involved “[djistribution for the receipt, or expectation of receipt, a thing of value, but not for pecuniary gain,” id. § 2G2.2(b)(2)(B), four levels because the offense involved masochistic conduct, id. § 2G2.2(b)(3), and two levels because the offense involved a computer, id. § 2G2.2(b)(5). The court subtracted three levels based on Vanorden’s acceptance of responsibility. Id. § 3E1.1. These adjustments resulted in a total offense level of twenty-seven, which yielded a guideline sentencing range of 70-87 months imprisonment when coupled with Vanorden’s criminal history category of I. On appeal, Vanorden raised only one issue: whether *1323 the district court had erred in enhancing his sentence under § 2G2.2(b)(2)(B),' supra, because that guideline did not apply to his conduct. He did not raise a constitutional challenge to his sentence based on the Sixth Amendment right to a trial by jury, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 540 U.S. 965, 124 S.Ct. 429, 157 L.Ed.2d 309 (2003), or United States v. Booker, 543 U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] We rejected Vanorden’s lone claim and affirmed his sentence in an unpublished opinion. United States v. Vanorden, 99 Fed. Appx. 875 (11th Cir. Apr.2, 2004).
Vanorden thereafter filed a petition for a writ of certiorari. On January 24, 2005, the Supreme Court granted Va-norden’s petition, vacated our decision, and remanded the case, “for further consideration in light of [Booker].” Vanorden v. United States, 543 U.S. -, 125 S.Ct. 1040, 160 L.Ed.2d 1026 (2005). Under our recent decision in United States v. Dockery, 401 F.3d 1261 (11th Cir.2005), however, “further consideration in light of Booker” does not actually require any consideration of the merits of Vanorden’s Booker claim:
Nothing in the [Booker] opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court’s remand order, which is cast in the usual language, requiring that we treat the case as though the [Booker] issue had been timely raised in this Court. In the absence of any requirement to the contrary in either [Booker\ .or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.
Id. at 1262-63 (quoting United States v. Ardley, 242 F.3d 989, 990, reh’g en banc denied, 273 F.3d 991 (11th Cir.2001)). Because Vanorden did not challenge his sentence on Sixth Am.en.dmen.t-Apprendi-Blakely-Booker grounds in his first trip through this circuit, this argument is “deemed abandoned.” Accordingly, we reinstate our previous opinion and AFFIRM Vanorden’s sentence.

. This omission, is certainly understandable in that neither Blakely nor Booker had been decided, and then-controlling circuit precedent held that the Sixth Amendment right to a trial by jury, as explicated in Apprendi, "ha[d] no application to, or effect on, ... Sentencing Guidelines calculations, when ... the ultimate sentence imposed does not exceed the prescribed statutory maximum penalty,” United States v. Sanchez, 269 F.3d 1250, 1288 (11th Cir.2001) (en banc).