[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-15090
Non-Argument Calendar

_____

D. C. Docket No. 02-00030-CR-01-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG CESAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 13, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Last year, we affirmed Cesal's conviction for being a participant in a conspiracy to distribute marijuana. United States v. Cesal , 391 F.3d 1172 (11th Cir. 2004). We dismissed Cesal's appeal to the extent that it challenged the sentence imposed for that conviction, on the basis that he had validly waived his right to appeal his sentence in his plea agreement. Id. at 1182. The case is now back before us on remand from the Supreme Court for further consideration in light of Booker v. United States, 543 U.S. __, 125 S. Ct. 738 (2005).

Cesal did not raise any Apprendi/Blakely/Booker issues in his initial brief to this Court. (He did attempt to raise the issue in his reply brief, but we struck those portions of his brief.) Cesal's failure to raise the issue in his initial brief bars him from doing so now. See United States v. Vanorden, __ F.3d __, No. 03-11083, 2005 WL 1531151 (11th Cir. June 30, 2005); United States v. Dockery, 401 F.3d 1261, 1262–63 (11th Cir. 2005) (per curiam); United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (per curiam). The instructions in the Supreme Court's remand order do not compel a different conclusion. See United States v. Ardley, 273 F.3d 991, 994–96 (11th Cir. 2001) (Carnes, J., joined by Black, Hull, and Marcus, JJ., concurring in the denial of rehearing en banc).

Moreover, we have already concluded that Cesal knowingly and voluntarily waived his right to challenge his sentence by his plea agreement. Cesal, 391 F.3d

2

at 1182.  That waiver included a waiver of the right to challenge his sentence based on <u>Booker</u> error.  <u>See</u> <u>United States v. Rubbo</u>, 396 F.3d 1330, 1335 (11th Cir. 2005) ("[T]he right to appeal a sentence based on <u>Apprendi</u>/<u>Booker</u> grounds can be waived in a plea agreement.  Broad waiver language covers those grounds of appeal.").

Accordingly, we reinstate our previous opinion in this case affirming Cesal's conviction and dismissing the portions of his appeal relating to his sentence.

**OPINION REINSTATED; AFFIRMED.**