[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 27, 2005
THOMAS K. KAHN
CLERK

No. 03-16331
Non-Argument Calendar

_____

D. C. Docket No. 02-00640-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLYDE J. DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 27, 2005)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

This case is now before the Court on remand from the United States Supreme Court for consideration of Dixon's sentence in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). After review, we reinstate our previous opinion and affirm Dixon's sentence.

## I. BACKGROUND

After a jury trial, Dixon was convicted of: (1) conspiracy to make false statements to purchase firearms, in violation of 18 U.S.C. § 371 (Count One); (2) four counts of making false statements to purchase firearms, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2 (Counts Two through Five); and (3) four counts of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Counts Six through Nine).

On direct appeal to this Court, Dixon challenged the district court's admission of evidence at trial related to his prior felony conviction, his child-support warrant, and the nature of his relationship with a child alleged to be his son. We affirmed Dixon's convictions. United States v. Dixon, No. 03-16331, at 12 (11th Cir. Dec. 1, 2004).

Dixon did not raise any challenge to his sentence in his initial brief or in his reply brief on direct appeal, much less any error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or any other case extending Apprendi.

2

Instead, after filing his initial and reply briefs, Dixon filed a "motion to supplement issues on appeal," in which Dixon sought to raise a new challenge to his sentence under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). We denied Dixon's motion based on this circuit's well-established rule that issues not raised in a party's initial brief are deemed waived. See, e.g., United States v. Levy, 379 F.3d 1241, 1244-45 (11th Cir. 2004), judgment vacated by, 125 S. Ct. 2542 (2005), judgment reinstated by, United States v. Levy, – F.3d –, 2005 WL 1620719, at *6 (11th Cir. July 12, 2005); United States v. Ardley, 242 F.3d 989, 991 (11th Cir.), cert. denied, 533 U.S. 962, 121 S. Ct. 2621 (2001); United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000), cert. denied, 534 U.S. 1023, 122 S. Ct. 552 (2001).

Dixon filed a petition for certiorari in the United States Supreme Court. On June 6, 2005, the Supreme Court granted certiorari, vacated our December 1, 2004 judgment, and remanded the case for reconsideration in light of Booker. Dixon v. United States, 125 S. Ct. 2542 (2005).

As discussed above, Dixon did not challenge his sentence or raise any Apprendi/Blakely/Booker issues in his initial brief or reply brief to this Court. Although he did attempt to raise the issue in a motion to supplement issues on appeal, we denied that motion. Under our circuit's precedent, Dixon's failure to

3

raise those issues in his initial brief on direct appeal bars him from doing so now. See United States v. Levy, – F.3d –, 2005 WL 1620719, at *5 (11th Cir. July 12, 2005) (stating that "Booker itself recognized that retroactivity is subject to ordinary prudential rules, and thus nothing in Booker undermines or affects our prudential rules; if anything, Booker contemplates that they should be applied in Booker-remand cases"); United States v. Vanorden, – F.3d –, 2005 WL 1531151, at *1 (11th Cir. June 30, 2005) ("Because Vanorden did not challenge his sentence on Sixth Amendment-Apprendi-Blakely-Booker grounds in his first trip through this circuit, this argument is 'deemed abandoned.'"); United States v. Pipkins, – F.3d – , 2005 WL 1421449, at *1 (11th Cir. June 20, 2005) ("The well-established law in our circuit requires that issues be raised in the parties' initial brief."); United States v. Sears, – F.3d –, 2005 WL 1334892, at *1 (11th Cir. June 8, 2005) (stating in a Booker-remand case that "[t]he Appellant's failure to raise the [Booker] issue in his initial brief bars him from doing so now"); United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (declining to consider on remand Booker issue not raised in appellant's initial brief); Ardley, 242 F.3d at 990 (stating after a remand from the Supreme Court that "we apply our well-established rule that issues and contentions not timely raised in the briefs [prior to

4

Supreme Court remand] are deemed abandoned" and declining to consider any Apprendi error after remand).

Thus, after our reconsideration in light of Booker, we reinstate our December 1, 2004 opinion and affirm Dixon's sentence.

**OPINION REINSTATED; SENTENCE AFFIRMED.**