TJOFLAT, Circuit Judge.
The court declines to consider appellant’s Booker claim on the merits because appellant faded to present the claim in his initial brief on appeal. Binding precedent requires us to disregard the claim for that reason. See United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir.2005). I therefore concur in the court’s judgment.
Were we writing on a clean slate, I would, for the reasons I have previously expressed, see United States v. Higdon, 418 F.3d 1136, 1142 (11th Cir.2005) (Tjoflat, J., dissenting from the denial of rehearing en banc), entertain appellant’s Booker claim on the merits. Otherwise, the claim will likely resurface in a proceeding initiated by appellant pursuant to 28 U.S.C. § 2255, in which he contends that his lawyer denied him effective assistance of counsel when he failed to anticipate Booker’s holding and include a Booker-type claim in his initial brief. See United States v. Vanorden, 414 F.3d 1321, 1323 (11th Cir.2005) (Tjoflat, J., specially concurring). It is obvious, at least to me, that it would be far more efficient to entertain the ineffective-assistance claim now rather than require the district court to hear and rule on the claim which, if denied, would certainly be back on our doorstep with an application for a certificate of appealability (if the district court failed to grant one) and a full-blown appeal.