[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 3, 2005
THOMAS  K. KAHN
CLERK

No. 05-10107
Non-Argument Calendar

_____

D. C. Docket No. 01-00239-CR-J-99-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARREN LAMONT KEYS,
a.k.a. Roderick Bremby,
a.k.a. Mark R. Estep,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 3, 2005)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Darren Lamont Keys, a pro se federal prisoner, appeals the district court's denial of his post-judgment discovery motion in which he requested a complete accounting of the loss to each victim that was attributable to him, following his fraud and identity theft convictions. The district court did not abuse its discretion in denying the motion because an accounting of the victims' losses was included in the pre-sentence investigation, and those losses were jointly and severally attributed to Keys and his codefendant in the restitution order at sentencing. The district court's order is AFFIRMED.

## I. BACKGROUND

Keys was convicted, following a jury trial, of one count of unlawful use of an access device to obtain and attempt to obtain things of value aggregating $1,000 or more within a one year; two counts of passing false and fictitious checks; three counts of unlawfully using the identity of another to commit bank fraud; and two counts of credit card fraud.

Before sentencing, a presentence investigation report ("PSI") was prepared containing a list of the victims and itemized the losses as to each victim, for a total loss of $107,966.90. PSI at 9, ¶ 30. Keys did not object to the loss amounts stated in the PSI and acknowledged during the sentencing hearing that the victims' losses were approximately $107,000. R20 at 7-9, 83. He was sentenced to concurrent

terms of imprisonment of 137 months, 120 months, and 60 months; a term of supervised release of 5 years; and was ordered to "pay restitution in the amount of $107,966.90 to the victims . . . jointly and severally" with his codefendant at the rate of $100 per month. R20 at 114, 122-23; R6-370 at 5-7. The judgment included an attached listing of the victims and their losses. Id. at 5-6.

Keys, through counsel, appealed his conviction and sentence but did not raise any issues regarding the restitution order. We affirmed. United States v. Johnson, No. 03-10655 (11th Cir. Feb. 11, 2004) (per curiam); R6-429.

Keys then filed a pro se motion for adjustment of his restitution payment schedule, requesting that his $100 monthly payments be deferred until his release from prison. The motion was denied. Keys appealed, and we affirmed. United States v. Keys, No. 04-14191 (11th Cir. June 27, 2005) (per curiam) ("Keys I"). We noted that, because Keys had "failed to challenge the district court's restitution calculation either at his sentencing hearing or on direct appeal, and ha[d] failed to demonstrate the existence of exceptional circumstances that would excuse such failure," he had waived the right to object to the calculation.[1] Id. at 2.

---

[1] Keys also moved for the district court to clarify words used in the closing argument transcripts. That motion and reconsideration were denied. Keys appealed, and the case was docketed as 04-16221. Keys then moved for the district court to deny all of the government's requests for extensions of time, but this motion was also denied. Keys again appealed, and the case was docketed as 05-16508. These appeals were consolidated and dismissed as frivolous. United States v. Keys, Nos. 04-16221 and 05-16508 (11th Cir. May 25, 2005) ("Keys II").

Keys next moved for a complete accounting as to the amount of loss suffered by each victim and for a report identifying the loss attributable to each defendant. R7-465. He argued that these documents would "assist in perfecting" his appeal from the denial of his motion to adjust his restitution payment schedule. Id. at 2. The district court denied the motion, and Keys appealed.[2] R7-471, 472.

## II. DISCUSSION

Keys argues that the district court's restitution order (1) failed to comply with 18 U.S.C. § 3664(b) because it did not set forth a complete accounting of the losses to each victim, (2) violated Hughey v. United States, 495 U.S. 411, 110 S. Ct. 1979 (1990), because it was not limited to the offenses of conviction, and (3) violated United States v. Booker, 543 U.S. __ , 125 S. Ct. 738 (2005), because the amount of restitution was more than the amount of loss found by the jury.

We deem issues that were available but not raised in a defendant's first appeal abandoned and will not consider them in a subsequent appeal. See United States v. Fiallo-Jacome, 874 F.2d 1479, 1480-83 (11th Cir. 1989) (refusing to consider an issue not raised by a criminal defendant on direct appeal because a

---

[2] In this court, the government moved to dismiss the appeal for lack of jurisdiction. We denied the motion because the denial of the discovery motion was "final and appealable." United States v. Keys, No. 05-10107 (11th Cir. May 25, 2005) ("Keys III").
Subsequent to the filing of this appeal, Keys filed a motion in the district court requesting clarification of whether he was allowed to defend against 18 U.S.C. § 371's defraud or offense clauses. The district court denied the motion, and Keys appealed. Keys's appeal, No. 05-12799, remains pending before us.

4

defendant should not be given "'two bites at the appellate apple'" (citation omitted)).  Booker issues that were not raised during a defendant's first appeal are included in this well-established rule.  See United States v. Vanorden, 414 F.3d 1321, 1323 (11th Cir. 2005) (per curiam) (on remand from United States Supreme Court for further consideration in light of Booker, reinstating original judgment affirming a defendant's conviction and sentence because the defendant abandoned the Booker issue by not raising it "in his first trip through this circuit"), petition for cert. filed, (U.S. Sept. 28, 2005) (No. 05-6809).

We review the denial of Keys's post-judgment discovery motion for abuse of discretion.  See Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002) (noting that we review "the denial of post-judgment motions under an abuse of discretion standard"); United States v. Quinn, 123 F.3d 1415, 1425 (11th Cir. 1997) (reviewing the denial of a criminal defendant's discovery motion for abuse of discretion).

Pursuant to 18 U.S.C. § 3664(a), a district court must order a probation officer "to obtain and include in its presentence report . . . information sufficient for the court to exercise its discretion in fashioning a restitution order" including "to the extent practicable, a complete accounting of the losses to each victim."  Id.

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for

5

payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C. § 3664(h).

To the extent Keys attempts to challenge the amount of his restitution or the constitutionality of the restitution order under Booker and Hughey, these issues are abandoned because they were not raised on direct appeal. The district court did not abuse its discretion in denying his discovery motion because restitution was ordered jointly and severally with Keys's codefendant, and the PSI and district court's judgment contained a complete accounting of the losses attributable to each victim.

### III. CONCLUSION

For the reasons stated above, the district court's denial of Keys's motion for a complete accounting of the loss to each victim that was attributable to him is

**AFFIRMED.**