[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2005
THOMAS K. KAHN
CLERK

No. 03-13916
Non-Argument Calendar
_____

D. C. Docket No. 99-00137-CR-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHIRLEY E. MONCRIEF,
a.k.a. Shirley Riley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 23, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, CARNES  and RONEY, Circuit Judges.

PER CURIAM:

On December 28, 2004, we affirmed Shirley Moncrief's conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). United States v. Moncrief, No. 03-13916 (11th Cir. Dec. 28, 2004) (unpublished). The case is before us again on remand from the Supreme Court for further consideration in light of its decision in Booker v. United States, 543 U.S. ___, 125 S. Ct. 738 (2005). Booker does not require us to alter our prior decision in this case.

Moncrief contends that she raised a Sixth Amendment claim at sentencing, but the record reveals that she actually argued about the reliability of evidence against her. This is not sufficient to preserve a Booker-related error.

Moncrief also contends that in her initial brief she raised an Apprendi issue, Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), because she adopted the brief of her co-defendant, Clarence Clay. Clay did not specifically cite Apprendi but did contend that the district court had improperly used drug quantities to enhance his punishment at sentencing when the drug quantities had not been determined by the jury beyond a reasonable doubt.

Moncrief adopted only the portions of Clay's brief that were relevant and applicable to her case. The drug quantity issue did not apply to Moncrief because she was not convicted of a drug-related offense; her sole conviction was for a

violation of 18 U.S.C. § 922(g) as a felon in possession of a firearm.  Therefore, when Moncrief adopted Clay's brief, she did not thereby raise an Apprendi issue.

In her own initial brief, Moncrief did not raise any Booker-related issue.  As we have explained, in a Booker remand case, "we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned." United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001).  Moncrief's failure to raise the issue in her initial brief bars her from doing so now.  See United States v. Vanorden, 414 F.3d 1321, 1323 (11th Cir. 2005); United States v. Dockery, 401 F.3d 1261, 1262–63 (11th Cir. 2005); United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001).  The instructions in the Supreme Court's remand order do not compel a different conclusion.  See Dockery, 401 F.3d at 1262–63; United States v. Ardley, 273 F.3d 991, 994–96 (11th Cir. 2001) (Carnes, J., joined by Black, Hull, and Marcus, JJ. concurring in the denial of rehearing en banc).

Accordingly, we reinstate our previous opinion in this case and affirm Moncrief's conviction and sentence after reconsideration in light of Booker, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; AFFIRMED.**