**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2005
THOMAS K. KAHN
CLERK

_____

**No. 03-15524**
**Non-Argument Calendar**

_____

D. C. Docket No. 03-20211-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELEVESTER TROTTER,
WILLIE H. DENNIS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 1, 2005)

**ON REMAND FROM THE**
**SUPREME COURT OF THE UNITED STATES**

Before CARNES and COX, Circuit Judges, and STROM[*], District Judge.

PER CURIAM:

On January 13, 2005, we issued an unpublished decision, United States v. Trotter, No. 03-15524 (11th Cir. Jan. 13, 2005), affirming Elevester Trotter's conviction and sentence. This case is before us again on remand from the Supreme Court for further consideration in light of its decision in Booker v. United States, 453 U.S. ___, 125 S. Ct. 738 (2005). Booker does not require us to alter our prior decision in this case.

In his initial brief, Trotter did not raise any Booker-related issue. As we have explained, in a Booker remand case, "we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned." United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001). Trotter's failure to raise the issue in his initial brief bars him from doing so now. See United States v. Vanorden, 414 F.3d 1321, 1323 (11th Cir. 2005); United States v. Dockery, 401 F.3d 1261, 1262–63 (11th Cir. 2005); United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001). The instructions in the Supreme Court's remand order do not compel a different conclusion. See Dockery, 401 F.3d at 1262–63; United States

[*]Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

2

v. Ardley, 273 F.3d 991, 994–96 (11th Cir. 2001) (Carnes, J., joined by Black, Hull, and Marcus, JJ. concurring in the denial of rehearing en banc).

Accordingly, we reinstate our previous opinion in this case and affirm Trotter's conviction and sentence after reconsideration in light of Booker, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; AFFIRMED.**