[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2006
THOMAS K. KAHN
CLERK

No. 05-12339
Non-Argument Calendar
_____

D. C. Docket No. 01-00257-CR-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISIASH RIECO KEYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 31, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Isiash Rieco Keyes appeals his 181-month sentence imposed after he was

convicted of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) ("Count

One"), and use of a firearm during the commission of the crime, in violation of 18

U.S.C. § 924(c) ("Count Two"). Keyes was originally found guilty not only on

Counts One and Two, but also on a separate count of carjacking ("Count Three"),

and was sentenced to a total of 219 months' imprisonment, the bottom-end of the

Guidelines range.[1] On appeal, however, we vacated Keyes's conviction for

carjacking as well as his sentence, and remanded for resentencing "limited to

correcting any errors resulting from the erroneous carjacking conviction." *United

States v. Keyes*, No. 02-10419 (11th Cir. July 18, 2002) (unpublished). At

resentencing, the district court readjusted the Guidelines offense level in order to

comply with our mandate, and again sentenced Keyes at the bottom of the

Guidelines range, to a total of 181 months.[2] As Keyes was not advised of his right

to appeal this sentence, however, he moved for a new judgment in order to protect

his right of appeal. The district court granted the motion and Keyes then filed a

notice of appeal. We vacated the district court's order, however, so that it could

enter a new judgment pursuant to the procedural requirements of *United States v.

Phillips*, 225 F.3d 1198 (11th Cir. 2000). The district court then conducted a third

---

[1] The district court sentenced Keyes to 135 months on Counts One and Three, to be served concurrently, and 84 months on Count Two, to be served consecutively to the sentence imposed on Counts One and Three.

[2] The district court sentenced Keyes to 97 months on Count One, with a consecutive sentence of 84 months on Count Two.

2

resentencing, and imposed a sentence identical to that imposed at the previous resentencing.

On appeal from his third resentencing, Keyes asserts–for the first time–that the district court erred in enhancing his sentence, under a mandatory Guidelines regime, based on facts that were neither admitted by him nor found by a jury, in violation of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Keyes also claims that his trial counsel's failure to raise a constitutional objection at sentencing denied him effective assistance of counsel.

Keyes could have raised his present constitutional objections in his first appeal, but failed to do so.[3] Thus, he cannot raise them now. *See United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir.) (per curiam) (deeming *Booker* issue abandoned where, in initial appeal, appellant did not raise a constitutional challenge to his sentence or assert error based on *Apprendi*, or any case extending or applying the *Apprendi* principle), *cert. denied*, __ U.S. __, 126 S. Ct. 442, 163 L. Ed. 2d 336 (2005); *United States v. Vanorden*, 414 F.3d 1321, 1323 (11th Cir.) (per curiam) ("Because Van Orden did not challenge his sentence on Sixth Amendment-*Apprendi-Blakely-Booker* grounds in his first trip through this circuit, this argument is 'deemed abandoned.'"), *cert. denied*, __ U.S. __, 126 S. Ct. 633,

---

[3] Although Keyes did object to the application of various sentencing enhancements before the district court in his first appeal, he did not do so on constitutional grounds.

3

__ L. Ed. 2d __ (2005); *United States v. Nunez*, No. 04-10463 (11th Cir. June 28, 2005) (per curiam) (unpublished) ("[W]e further now consider Nunez's sentence in light of *Booker* and conclude that Nunez abandoned any *Apprendi* / *Blakely* / *Booker* claim by not timely raising a constitutional challenge to his sentence in his initial briefs in his two prior appeals.").

We decline to consider Keyes's ineffective assistance of counsel claim, on which a factual record has not been properly developed in the district court. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

**AFFIRMED.**