MARTIN, Circuit Judge, concurring in part and dissenting in part:
The Majority is right that, under the Supreme Court's decision in Rodriguez v. United States, 575 U.S. ----, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015), the patrolman here unlawfully prolonged the traffic stop of Mr. Campbell. Maj. Op. at 1354-55. It is also true that our Court's decision in United States v. Griffin, 696 F.3d 1354 (11th Cir. 2012), which established this court's pre- Rodriguez standard for prolongation, cannot be squared with the Supreme Court's subsequent ruling in Rodriguez. Maj. Op. at 1352-53.
I write separately from the Majority, however, because in contrast to the result reached in the Majority opinion, I believe Mr. Campbell should prevail. I would not apply the exclusionary rule's good faith exception to affirm the District Court's denial of Mr. Campbell's suppression motion because the Government never made that argument on appeal. Indeed, the government did not make this argument despite having been put on notice of the issue by the District Court and having ample opportunity to raise it. Due to the government's waiver of this argument, I would suppress evidence derived from the unlawfully prolonged traffic stop of Mr. Campbell as fruit of the poisonous tree.
Under this Court's precedent, "a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue-even if properly preserved at trial-will be considered abandoned." United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ; see also Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."). Our Court regularly applies this rule to bar arguments criminal defendants and pro se plaintiffs made in the trial court but neglected to raise again *1357 on appeal. See, e.g., Hall v. Thomas, 611 F.3d 1259, 1284 n.37, 1289 n.40, 1290 n.41 (11th Cir. 2010) (holding a juvenile sentenced to life imprisonment waived certain arguments raised in his habeas petition by failing to reassert them on appeal); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." (citation omitted) ); cf. United States v. Vanorden, 414 F.3d 1321, 1323 & n.1 (11th Cir. 2005) (per curiam) (acknowledging "neither Blakely nor Booker had been decided" at the time a criminal defendant first appealed his sentence, but nonetheless holding the defendant abandoned challenges to his sentence on "Sixth Amendment-Apprendi-Blakely-Booker grounds" by failing to raise the issue in his first appeal).
This very case gives insight into this Court's routine reliance upon waiver to winnow issues presented in the appeals we consider. Here, both the government and this panel suggested at oral argument that Mr. Campbell might have waived his fruit-of-the-poisonous tree argument because, although plainly mentioned in his opening brief, the issue was not separately listed as a claim in Campbell's "Statement of Issues." See Oral Arg. at 11:36-11:44 ("We have a hard-and-fast rule in this Circuit. It's pretty punitive, really. That if you don't put it in the brief as an issue, we don't consider it." (comment of Judge Tjoflat) ), 13:40-14:20 (government arguing the Court should deem waived issues not prominently raised in a brief, because "[w]hen we're coming before this Court it's important that we know as the responding party, as the appellee, what issues the appellant believes are germane").
Nevertheless, the Majority affirms the District Court's denial of Mr. Campbell's suppression motion on the good faith exception, an argument the government never asserted on appeal. To be clear, the government did not argue the good faith exception in its initial brief, at oral argument, or in any supplemental filing. Yet the Majority invokes the good faith exception based on briefing the parties submitted in District Court, at the explicit direction of that court.
The Majority also holds that the application of the good faith exception to this case is "plain." Maj. Op. at 1356. I must say, it is not "plain" to me. The government is a sophisticated, often-appearing party before this Court. As such, the government should be left to the decisions it makes about what arguments it wants us to consider. We know the government was aware of the issue of the "good faith exception" here, because the District Court specifically requested briefing on the subject. Under the circumstances, I would not reach out to decide Mr. Campbell's fate on a ground abandoned by the government.
Neither would I affirm on the ground Mr. Campbell consented to the unlawfully-prolonged search. The Majority did not reach this issue because it concluded the evidence was admissible under the good faith exception. Maj. Op. at 1345-46 & nn.5, 1356. However, just as the government never raised the good faith exception, it neglected to mention the possibility of Mr. Campbell's consent until this Court prompted it to do so. See Order Denying Mot. to Suppress at 14 ("The Government, however, does not argue, nor does the evidence establish, that Deputy McCannon had reasonable suspicion of criminal activity beyond the traffic violations to detain Defendant or that the encounter had become consensual before Defendant gave consent to search his vehicle.").[1] "The government *1358 bears the burden of proving both the existence of consent and that the consent was not a function of acquiescence to a claim of lawful authority but rather was given freely and voluntarily." United States v. Yeary, 740 F.3d 569, 581 (11th Cir. 2014) (quotation marks omitted). The government's failure to raise Mr. Campbell's consent before the District Court and on appeal means this argument is also waived. See Jernigan, 341 F.3d at 1283 n.8.
I would not put this Court in the business of resuscitating arguments the government was made aware of, then clearly abandoned. In my experience, this Court rarely extends the same courtesy to the criminal defendants and pro se litigants who come before us. Based on the Majority's conclusion that the patrolman unlawfully prolonged the traffic stop, I would reverse the District Court's denial of Mr. Campbell's suppression motion.
I respectfully dissent from the Majority's decision not to suppress the search of Mr. Campbell's automobile.

Even though the government failed to raise consent before the District Court, the District Court nonetheless briefly addressed the issue, finding that because "Deputy McCannon retained [Mr. Campbell's] driver's license throughout the encounter, ... therefore [Mr. Campbell] was not free to leave."