[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 20 2001
THOMAS K. KAHN
CLERK

_____

No. 98-7033

_____

D. C. Docket No. 97-00251-CR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARRY LEON ARDLEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____
**(February 20, 2001)**


ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES


Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

We have previously affirmed the conviction and sentence in this case. See United States v. Ardley, No. 98-7033 (11th Cir. Nov. 18, 1999). The Supreme Court has vacated our prior judgment and remanded the case to us for further consideration in light of Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

Ardley did not raise the Apprendi issue when the case was before us prior to the certiorari petition being filed. He did not mention that issue in his initial brief, his reply brief, or in the suggestion for rehearing en banc that he filed. Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. See United States v. Miller, 492 F.2d 37, 40 (5th Cir. 1974) (noting when Supreme Court vacates and remands case for reconsideration in light of one its opinions, that action does not imply any particular result because "had [a particular result] been the [Supreme] Court's desire, certiorari could have been granted and this case summarily reversed on the authority of [the opinion in light

of which this Court was to reconsider the case], rather than being remanded for further consideration").

In the absence of any requirement to the contrary in either <u>Apprendi</u> or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned. <u>Hartsfield v. Lemacks</u>, 50 F.3d 950, 953 (11th Cir. 1995) ("We note that issues that clearly are not designated in the initial brief ordinarily are considered abandoned.") (quotation marks and citation omitted); <u>Marek v. Singletary</u>, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."); <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). We have recently applied this rule to <u>Apprendi</u> issues. <u>See</u> <u>United States v. Nealy</u>, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [<u>Apprendi</u>] indictment issue by not raising the issue in his initial brief.").

Our opinion affirming the conviction and sentence, <u>United States v. Ardley</u>, No. 98-7033 (11th Cir. Nov. 18, 1999), is REINSTATED.