[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 9, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-10567
Non-Argument Calendar

_____

D.C. Docket No. 02-00551-CR-ODE-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSIE LEE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 9, 2005)**

**ON REMAND FROM THE**
**SUPREME COURT OF THE UNITED STATES**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of <u>United States v.</u>

Booker, 543 U.S. __, 125 S. Ct. 738, __ L. Ed. 2d __ (2005). We previously affirmed Appellant's conviction and 262-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). See United States v. Smith, Case No. 04-10567 (11th Cir. Oct. 12, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of Booker.

In his initial brief, Appellant challenged the sufficiency of the evidence to support his conviction and argued that his armed-career-criminal sentence violated the Ex Post Facto Clause and constituted cruel and unusual punishment. Notably, Appellant did not assert error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), or any other case extending or applying the Apprendi principle. In United States v. Ardley, 242 F.3d 989 (11th Cir.), cert. denied, 121 S. Ct. 2621 (2001), after the Supreme Court's remand with instructions to reconsider our opinion in light of Apprendi, we observed the following:

> Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised

2

in the briefs are deemed abandoned.

Id. at 990 (citations omitted); see also United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief."). We recently extended the foregoing rule to preclude untimely challenges based on Booker. See United States v. Dockery, 401 F.3d 1261 (11th Cir. 2005). In his initial brief in this case, Appellant asserted no such Apprendi (or its progeny) challenge to his sentence. Accordingly, we reinstate our previous opinion in this case and affirm, once again, Appellant's conviction and sentence after our reconsideration in light of Booker, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; SENTENCE AFFIRMED.**