[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2005
THOMAS K. KAHN
CLERK

No. 04-13634
Non-Argument Calendar

_____

D.C. Docket Nos. 03-21761-CV-KMM
01-00456-CR-KMM

DANIEL L. MORGAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 28, 2005)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

On March 7, 2003, we affirmed petitioner's multiple convictions at the

hands of a jury for narcotics trafficking and related firearm offenses. United States

v. Reynolds, 61 Fed. Appx. 668 (11th Cir. Jan. 31, 2003). On June 30, 2003, petitioner, pursuant to 28 U.S.C. § 2255, moved the district court to set aside his convictions and resulting sentences on several grounds, including that his trial attorney rendered ineffective assistance of counsel by operating under a conflict of interest because he advised petitioner to plead guilty, which petitioner did not wish to do. The court referred the motion to a magistrate judge who issued a Report and Recommendation ("R & R") recommending that the motion be denied. Addressing the above ineffective assistance claim, the R & R stated the following:

> To the extent that [petitioner] argues that counsel rendered ineffective assistance by advising him to enter a guilty plea and testify against his codefendant, he has likewise failed to demonstrate that he is entitled to relief. In light of the overwhelming evidence against [petitioner], counsel's advice was not deficient, as it is possible that [petitioner] could have received the benefit of his assistance to the government. Moreover, [petitioner] chose not to follow counsel's advice and he proceeded to trial. Thus, he has not demonstrated prejudice resulting from counsel's advice.

After the district court denied petitioner leave to amend his motion, it adopted the R & R and denied petitioner's motion. Petitioner filed a timely notice of appeal. The district court denied petitioner's request for a certificate of appealability. We, however, issued a certificate for the following issue:

> Whether the district court violated Clisby v. Jones, 960 F. 2d 925, 938 (11th Cir. 1992) (en banc), by failing to address [petitioner's]

2

claim that his trial counsel was ineffective for having a conflict of interest?

In his initial brief to us, petitioner did not address this issue. Instead, he briefed an issue unrelated to the issue we certified. He has therefore abandoned the certified issue and his appeal is due to be dismissed. See United States v. Ardley, 242 F. 3d 989, 990 (11th Cir.), reh'g en banc denied, 273 F. 3d 991 (11th Cir. 2001), cert. denied, 535 U.S. 979 (2002).

**DISMISSED.**