[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 9, 2005
THOMAS  K. KAHN
CLERK

————————————————

No. 04-10419
Non-Argument Calendar

————————————————

D.C. Docket No. 03-60111-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIEUSEUL MEILLEUR,

Defendant-Appellant

————————————————

Appeal from the United States District Court for the
Southern District of Florida

————————————————

(September 9, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the court for consideration in light of *United States v.*

*Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005).  We previously affirmed Meilleur's

sentence. *See United States v. Meilleur*, No. 04-10419 (11th Cir. July 22, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker*.

The procedural history of this case demonstrates that Meilleur did not present a Sixth Amendment objection – or any other constitutional or legal objection based on the issues addressed by the Supreme Court in *Booker*, or *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531 (2004) – either in the district court or in his initial brief to this court on appeal. Instead, the issue was not raised until after *Blakely* was decided, and it was raised by way of a Rule 28(j) letter.

In *United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005), after the Supreme Court's remand with instructions to reconsider our opinion in light of *Booker*, we relied on an earlier case of *United States v. Ardley*, 242 F.3d 989 (11th Cir. 2001), in which we observed:

> Nothing in the *Apprendi* opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the *Apprendi* issue had been timely raised in this court. . . . In the absence of any requirement to the contrary in either *Apprendi* or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

2

*Yardley*, 242 F.3d at 990 (citations omitted).  Thus, because *Dockery* had not asserted an *Apprendi* (or its progeny) challenge to his sentence, we reinstated our previous opinion.  *Dockery*, 401 F.3d at 1263.

After our reconsideration of this case in light of *Booker*, we reinstate our previous opinion in this case and affirm Meilleur's sentence.  Like the appellant in *Dockery*, Meilleur did not assert *Apprendi* error (or its progeny) in his initial brief on appeal.[1]

**OPINION REINSTATED IN PART; SENTENCE AFFIRMED.**

---

[1]Even if Meilleur had timely raised the *Booker* issue in his initial appellate brief, we would review the issue for plain error only.  *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

Assuming *arguendo* that we conduct a plain error review, we conclude that application of the plain error doctrine in Meilleur's case would not require a vacatur of the sentence.  While Meilleur satisfies his burden of demonstrating the first two prongs of the plain error test, he cannot satisfy the third and fourth prongs.  Under the third prong, Meilleur has not demonstrated that any error affected his substantial rights because he never contested the facts supporting his sentence.  *United States v. Cotton*, 535 U.S. 625, 633, 122 S.Ct. 1781, 1786 (2002).  Moreover, he cannot demonstrate that there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion.  *See Rodriguez*, 398 F.3d at 1301. Here, there is no record evidence indicating that the district court would have imposed a lower sentence had the guidelines been advisory rather than mandatory.  Indeed, the evidence is directly contrary.  Accordingly, Meilleur fails to demonstrate plain error.

TJOFLAT, Circuit Judge, specially concurring:

In this case, appellant was convicted of importing at least 500 grams of cocaine into the United States. At sentencing, the district court found him accountable for 4,272 grams of cocaine, 3,772 more grams than the jury's verdict established. Based on that finding and appellant's criminal history category, the court sentenced appellant under the Guidelines mandatory sentencing scheme to prison for 121 months (at the high end of the guidelines sentence range). In doing so, fashioning appellant's sentence in this way, the court committed Booker error.

The court, however, citing United States v. Ardley, 242 F.2d 989 (11th Cir. 2001), *reh'g denied*, 272 F.3d 991 (11th Cir. 2001) (en banc), *cert. denied*, Ardley v. United States, 535 U.S. 979 (2002), refuses to consider appellant's Booker error because appellant failed to assert the error in his opening brief on direct appeal. I agree that the court is bound by Ardley and its progeny, and that, under that precedent, appellant is deemed to have waived his Booker claim even though he could not have known of its existence at the time he filed his opening brief. I concur specially because I am convinced that Ardley was wrongly decided and that we should entertain supplemental briefs on Booker's application in this case. See United States v. Higdon, 2005 U.S. App. LEXIS 15663, at *17 (11th Cir. July 8, 2005) (Tjoflat, dissenting from the denial of rehearing en banc).

4

In footnote 1, the court assuming that appellant is entitled to plain-error review, holds that appellant has established <u>Booker</u> error and that the error is plan. He would not be entitled to relief, though, because he "has not demonstrated that [the] error affected his substantial rights because he never contested the facts supporting his sentence . . . and . . . cannot demonstrate that there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion. *See Rodriguez*, 398 F.3d at 1301." Ante at ___. I agree that <u>Rodriguez</u> imposes on a defendant standing in appellant's shoes the burden of proof on this prejudice issue, and that he cannot satisfy that burden unless he can point to evidence in the record—specifically, something the court said at sentencing—indicating that the court, had it been operating under the sentencing model <u>Booker</u> has established, would have imposed a different sentence, one more favorable to the defendant. How the court could have anticipated the <u>Booker</u> model and all of its ramifications escapes me, which is why disagree with this approach to the prejudice issue. <u>See</u> <u>United States v. Rodriguez</u>, 406 F.3d 1261, 1281 (11th Cir. 2005) (Tjoflat, dissenting from the denial of rehearing en banc); <u>United States v. Thompson</u>, No. 04-12218, 2005 WL 2099784, at * 1`7-19 (11th Cir. Sept. 1, 2005) (Tjoflat J., dissenting).