[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2005
THOMAS K. KAHN
CLERK

No. 04-11370
Non-Argument Calendar

_____

D. C. Docket No. 03-20834-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SILVIO A. DE LA OSSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 20, 2005)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

This case is before us for consideration in light of United States v. Booker,

543 U.S. __, 125 S. Ct. 738 (2005).  De La Ossa  v. United States, __ U.S. __, 125 S.

Ct. 1426 (2005).  We previously affirmed De La Ossa's conviction and sentence.

United States v. De La Ossa, No. 04-11370 (11th Cir. Oct. 26, 2004).  The

Supreme Court vacated our prior decision and remanded the case to us for further

consideration in light of Booker.

In his initial brief on appeal, De La Ossa had argued that the district court

erred by denying him a minor-role reduction.  He did not raise a Sixth Amendment

objection or any other constitutional or legal objection based on the issues

addressed by Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or

any other case extending or applying the Apprendi principle, in his initial brief or

in any other manner before this court.[1]

In United States v. Dockery, 401 F.3d 1261 (11th Cir. 2005) (per curiam),

we addressed a similar situation: a remand from the Supreme Court with

instructions to consider our opinion in light of Booker in an appeal in which the

appellant did not raise either a constitutional or Apprendi challenge to his sentence.

Id. at 1262.  We applied "our well-established rule that issues . . . not timely raised

in the briefs are deemed abandoned," reinstated our previous opinion, and affirmed

---

[1]  By extension, an issue raised under Apprendi raises an issue pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004)  and Booker.  See United States v. Grant, 397 F.3d 1330, 1331 (11th Cir. 2005).

Dockery's sentence. <u>Id.</u> at 1262-63 (citation omitted). Such is the procedure that we will follow in this case because De La Ossa failed to raise an <u>Apprendi</u> challenge to his sentence in his initial brief.[2]

We **reinstate** our previous opinion and, upon reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's remand, **affirm** De La Ossa's sentence.

---

[2] We have held that the application this prudential rule, in which we treat issues not raised in a party's initial brief as abandoned, to foreclose an untimely <u>Booker</u> claim "does not result in manifest injustice." <u>United States v. Levy</u>, __ F.3d. __, __ (11ᵗʰ Cir. Jul 12, 2005).

3

TJOFLAT, Circuit Judge, specially concurring:

Binding precedent beginning with United States v. Ardley, 242 F.3d 989, *reh'g en banc denied*, 273 F.3d 991 (11th Cir. 2001), and including United States v. Dockery, which the court relies on, bars us from considering appellant's Booker claim because he did not raise it in his initial brief. I therefore concur in the court's judgment. As I have stated before, though, most recently in United States v. Higdon, 2005 U.S.App. LEXIS 15663, at *17 (11th Cir. July 8, 2005) (Tjoflat, J., dissenting from the denial or rehearing en banc), Ardley and its progeny were wrongly decided. Thus, were we writing on a clean slate, I would entertain appellant's Booker claim on the merits.