ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
PER CURIAM:
This case is before the Court for consideration in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We previously affirmed. See United States v. McCombs, 116 Fed.Appx. 245 (11th Cir.2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of Booker. Appellant challenges his 87-month sentence, imposed pursuant to his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). In his initial brief, McCombs argued that the district court plainly erred by violating Rule 11 of the Federal Rules of Criminal Procedure because the court failed to advise him during his plea colloquy of (1) the mandatory $100 special monetary assessment, (2) the right to counsel at sentencing, and (3) the right to testify and present evidence at trial.
Appellant did not raise a constitutional challenge to his sentence, nor did he assert error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or any other case extending or applying the Apprendi principle in his initial brief. McCombs first mentioned a constitutional sentencing error in his petition for rehearing en banc. In United States v. Ardley, 242 F.3d 989 (11th Cir.), cert. denied, 533 U.S. 962, 121 S.Ct. 2621, 150 L.Ed.2d 774 (2001), after the Supreme Court’s remand with instructions to reconsider our opinion in light of Apprendi, we declined to review the Apprendi issue because it was not presented in the appellant’s initial brief. Id. at 990 (citations omitted); see also United States v. Nealy, 232 F.3d 825, 830 (11th Cir.2000) (“Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief.”). Recently, we applied Ardley to a post-Booker remand and found that the defendant had abandoned his Booker claim because he failed to raise it at the district court or in his initial brief. United States v. Dockery, 401 F.3d 1261 (11th Cir.2005). Our opinion affirming sentence in this case is accordingly REINSTATED.