[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 03-15801
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00005-CR-FTM-2DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD O. SINGER,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Middle District of Florida
_____

**(March 28, 2006)**

**ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). We previously affirmed Appellant's 60-month sentence for conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 371 and 1344. See United States v. Singer, Case No. 03-15801, 152 Fed. Appx. 869 (Oct. 14, 2005) (Table) (unpublished). We asked for, and have received, supplemental briefs from the parties on the effect of Booker on this case.

In his initial brief, Singer argued the district court erred by (1) denying his motion for judgment of acquittal because the government presented insufficient evidence to show that federally-insured banks, as opposed to non-bank entities, were the actual or intended victims of the criminal scheme; (2) miscalculating the fraud-loss amount under U.S.S.G. § 2F1.1(b)(1); (3) assessing a four-level leadership-role enhancement under U.S.S.G. § 3B1.1(a); (4) applying a two-level enhancement under U.S.S.G. § 2F1.1(b)(5)(C) for the use of a means of identification to unlawfully produce other means of identification; and (5) ordering that restitution be paid to the defrauded merchants. Notably, Singer raised no error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), or any other case extending or applying the Apprendi principle.

In United States v. Ardley, 242 F.3d 989 (11th Cir.), cert. denied, 121 S. Ct. 2621 (2001), after the Supreme Court's remand with instructions to reconsider our

2

opinion in light of <u>Apprendi</u>, we observed the following:

> Nothing in the <u>Apprendi</u> opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the <u>Apprendi</u> issue had been timely raised in this Court. In the absence of any requirement to the contrary in either <u>Apprendi</u> or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

<u>Id.</u> at 990 (citations omitted); <u>see</u> <u>also</u> <u>United States v. Nealy</u>, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [<u>Apprendi</u>] indictment issue by not raising the issue in his initial brief."). We have extended the foregoing rule to preclude untimely challenges based on <u>Booker</u>. <u>See</u> <u>United States v. Dockery</u>, 401 F.3d 1261, 1263 (11th Cir. 2005).

In his initial brief in this case, Singer asserted no such <u>Apprendi</u> (or its progeny) challenge to his sentence. Moreover, he points to no authority, and we have found none, that would allow us not to follow our "well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned" in the instant case. <u>See</u> <u>Ardley</u>, 242 F.3d at 990. Accordingly, we reinstate our October 14, 2005 opinion in this case and affirm, once again, Singer's conviction and sentence after our reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; SENTENCE AFFIRMED.**