[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 03-10051

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 7, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00006-CR-01-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER PIERRE HICKS,
SUZZETTE MARIE CALLOWAY,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(February 7, 2006)

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before EDMONDSON, Chief Judge, DUBINA and COX, Circuit Judges.

PER CURIAM:

A jury convicted Defendants Hicks and Calloway of federal drug crimes related to their manufacture of methamphetamine. We affirmed the conviction. United States v. Hicks, No. 03-10051, 2004 WL 1347019 at *1 (11th Cir. Jun. 2, 2004) (Table). Both Hicks and Calloway appealed our decision to the United States Supreme Court. The Court vacated our previous judgment and remanded the matter to us for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). We now affirm the conviction and sentence and reinstate our prior panel opinion.

Hicks and Calloway both concede that they raised no Booker/Blakely/Apprendi issue in their initial appeal.[1] We follow the well-established prudential rule that "issues and contentions not timely raised in the briefs are deemed abandoned." United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001). Accordingly, Booker/Blakely/Apprendi claims are not timely before this Court. United States v. Levy, 416 F.3d 1273 (11th Cir. 2005) (concluding that Supreme Court's general remand does not "preclude this Court from applying its prudential rules in a uniform and consistent manner").

---

[1]Calloway first raised a Blakely claim in her petition for a writ of certiorari to the Supreme Court. Hicks failed to raise a cognizable Booker/Blakely/Apprendi claim until his supplemental letter brief submitted to this Court in these remand proceedings.

2

Defendants alternatively argue that the timeliness issue is moot because the Supreme Court "has specifically requested that this Court consider Booker even though [the Defendants] never raised a Blakely/Booker claim below." First, it is important to note that nothing in the Supreme Court's remand order requires us to treat this case as though the Booker issue has been timely raised in this Court. Second, Defendants' argument is contrary to precedent. As we concluded in Levy, "Booker itself recognized that retroactivity is subject to ordinary prudential rules, and thus nothing in Booker undermines or affects our prudential rules; if anything, Booker contemplates that they should be applied in Booker-remand cases." 416 F.3d at 1279-80. Applying our ordinary prudential rules to this case, we conclude that defendants abandoned their Booker/Blakely/Apprendi claims by failing to raise the claims in their initial briefs.

We have considered this case in the light of Booker and our case law, and we affirm Defendants' convictions and sentences and reinstate our prior panel opinion.

AFFIRMED.