[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 03-13803
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 17, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 02-60069-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT LEE FERGUSON,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------------------------------------------------

**(March 17, 2006)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before EDMONDSON, Chief Judge, BIRCH  and DUBINA, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). We previously affirmed Appellant's convictions and sentences for cocaine importation, 21 U.S.C. § 952(a), and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). See United States v. Ferguson, No. 03-13803 (11th Cir. Jan. 10, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in the light of Booker.

In his initial brief on direct appeal, Appellant challenged his convictions, but not his sentences. And Appellant did not assert error based on Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), or any case extending or applying the Apprendi principle. Appellant first mentioned a Booker-based sentencing claim in his petition for rehearing, which we denied. In United States v. Ardley, 242 F.3d 989 (11th Cir.), cert. denied, 121 S.Ct. 2621 (2001), after the Supreme Court's remand with instructions to reconsider our opinion in the light of Apprendi, we declined to review the Apprendi issue because it was not presented in the appellant's initial brief. Id. at 990 (citations omitted); see also United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief"). Recently, we applied Ardley to a post-Booker remand and determined that the defendant had

2

abandoned his Booker claim because he failed to raise it at the district court or in his initial brief. See United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir.), cert. denied, 126 S.Ct. 442 (2005).

Appellant did not assert error based on Apprendi (or its progeny) in his initial brief on appeal. We, thus, reinstate our previous opinion in this case and affirm Appellant's convictions and sentences after our reconsideration in the light of Booker, pursuant to the Supreme Court's mandate.

OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.