[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15257
Non-Argument Calendar
_____

Agency No. A098-706-661


SELADIN KASA,
XHEMILE KASA,

                                                                Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 13, 2013)


Before MARCUS, MARTIN and FAY, Circuit Judges.


PER CURIAM:

Seladin Kasa petitions for review of the Board of Immigration Appeal's (BIA) order affirming the Immigration Judge's (IJ) denial of Kasa's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). His wife, Xhemile Kasa joins in his petition as a derivative beneficiary of his asylum application. The Kasas' primary argument on appeal is that substantial evidence does not support the determination by both the IJ and the BIA that, due to a fundamental change in circumstances in Albania, Kasa no longer has a well-founded fear of persecution.[1]

"We review only the BIA's decision, except where it expressly adopts the IJ's decision." Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009). We review de novo the BIA's legal determinations. Id. We review its factual determinations "under the highly deferential substantial-evidence test and 'must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Id. We can reverse

_____

[1] The Kasas make two other arguments on appeal. First, they argue that the IJ erred in determining that Kasa could relocate within Albania to avoid future persecution. However, because the BIA expressly did not adopt or affirm the IJ's conclusion on this point, it is not a part of the order currently under review and we will not address the Kasas' argument. See Lopez v. U.S. Att'y Gen., 504 F.3d 1341, 1344 (11th Cir. 2007). Second, the Kasas argue that even if the IJ and BIA were correct that there was no well-founded fear of persecution, they failed to consider whether humanitarian relief, pursuant to 8 C.F.R. § 1208.13(b)(1)(iii), was warranted. But, "without excuse or exception," Kasa never requested that relief from the IJ and did not raise this issue on appeal to the BIA. It is therefore beyond the scope of our review. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006) (determining that we do not have jurisdiction to consider a claim not raised before the BIA). Neither have the Kasas raised any arguments on appeal regarding their CAT relief claim, so any such argument has been waived. See United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001).

"only when the record compels a reversal." Id. (quotation marks omitted).  In addition, the substantial-evidence test does not allow us to reweigh the importance attributed to the evidence in the record.  Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1175 (11th Cir. 2008).

The Attorney General has the discretion to grant an alien asylum if the alien establishes that he is a refugee, as defined by the Immigration and Nationality Act (INA). 8 U.S.C. § 1158(b)(1) (2006); Mehmeti, 572 F.3d at 1199.  The definition of "refugee" includes, as relevant here, any person who is unable or unwilling to return to a country because "of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A) (2006).  Similarly, when seeking a withholding of removal, an alien bears the burden of showing that his "life or freedom would be threatened in that country because of [his] . . . membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A) (2006); Imelda v. U.S. Att'y Gen., 611 F.3d 724, 728 (11th Cir. 2010).

"An applicant who has demonstrated past persecution is presumed to have a well-founded fear of future persecution." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1257 (11th Cir. 2007).  The government can rebut the presumption by showing that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" or the "applicant could avoid future

3

persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(i)(A)–(B) (2009). To sufficiently establish a well-founded fear of future persecution for purposes of an asylum application, the applicant "need only show that there is a <u>reasonable possibility</u> of suffering such persecution," <u>Mejia</u>, 498 F.3d at 1256 (quotation marks and alteration omitted), but, for purposes of an application for withholding of removal, the applicant must show "that he more-likely-than-not would be persecuted or tortured," <u>Mendoza v. U.S. Att'y Gen.</u>, 327 F.3d 1283, 1287 (11th Cir. 2003).

Although the IJ determined that Kasa established past persecution and thus presumably had a well-founded fear of future persecution, both the IJ and the BIA determined that "there has been a fundamental change in circumstances in Albania" so that the government sufficiently rebutted that presumption. The record does not compel a reversal. Kasa's alleged fear of future prosecution is based on his affiliation with the Democratic Party and opposition to the Socialist Party. "[F]ocus[ing] on the specific harm suffered," and the "unique facts of [Kasa's] case," the "particular information" in the U.S. Department of State's 2009 Human Rights Report: Albania, and Albania: Profile of Asylum Claims and Country Conditions, supported the BIA's findings. <u>See</u> <u>Imelda</u>, 611 F.3d at 729; <u>see also</u> <u>Mehmeti</u>, 572 F.3d at 1199–1200 (finding that despite the fact that the IJ had relied solely on reports prepared by the State Department, substantial evidence

4

supported the determination that country conditions in Albania had changed). As highlighted by the IJ and BIA, those documents explain that Kasa's Democratic Party has taken control of Albania's Parliament, there have been no reports of political detainees or disappearances, political parties have operated without restriction, "there have been no outbreaks of political violence since 1998, and the available evidence suggests that neither the Government nor the major political parties engage in policies of abuse or coercion against their political opponents." See Imelda, 611 F.3d at 729–30 (explaining that courts have found substantial evidence supported a fundamental change where there was evidence of "a change in the government that persecuted the petitioner," and "where the evidence demonstrates a substantial decline in violence against persecuted groups").

Because the record does not compel a reversal, the judgment of the BIA is affirmed and Kasa's petition for review is

**DENIED.**