[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15626
_____

D.C. Docket No. 1:09-cv-01917-WSD

MANHATTAN CONSTRUCTION COMPANY,

Plaintiff-Appellee,

versus

PLACE PROPERTIES LP,
PLACE COLLEGIATE PROPERTIES COMPANY,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____
(March 17, 2014)

Before WILSON, Circuit Judge, BUCKLEW,* and LAZZARA,** District Judges.

PER CURIAM:

_____

* Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

** Honorable Richard A. Lazzara, United States District Judge for the Middle District of Florida, sitting by designation.

Place Collegiate Properties Company ("PCPC") appeals the district court's decision denying its motion for sanctions. After review and with the benefit of oral argument, we affirm.

## I.    BACKGROUND

Cecil Phillips controls a family of affiliated corporate entities collectively known as Place Properties. PCPC and Place Properties LP ("PPLP") are two of those entities. In 2003, Manhattan Construction Company ("Manhattan") contracted with Place Collegiate Development ("PCD"), another Place Properties entity, to serve as general contractor on a construction project at Kennesaw State University. PCD was a wholly owned subsidiary of PPLP, and PCPC served as PPLP's general partner. Disputes arose between Manhattan and PCD. After PCD ceased making payments to Manhattan, Manhattan obtained a multi-million dollar judgment against PCD. PCD was unable to satisfy the judgment.

Manhattan filed a single "piercing the corporate veil" claim against several Place Properties entities, including PCPC and PPLP, in an attempt to hold those entities liable for its judgment against PCD. Manhattan also sued Phillips and another individual associated with Place Properties.

After a contentious discovery process that the district court labeled as "unusually grueling and discordant," PCPC and PPLP moved for summary

2

judgment. PCPC also moved for sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the district court's inherent power.[1]

The district court denied PCPC and PPLP's motions for summary judgment finding that genuine issues of material fact existed regarding the corporate relationship between PCD and PPLP. Furthermore, the district court found that as PPLP's general partner, PCPC could be held liable to the same extent as PCPC under Georgia law. The district court also denied PCPC's motion for sanctions without further comment.

Prior to trial, Manhattan sought dismissal of its claim with prejudice. The district court granted the motion and imposed several conditions should Manhattan choose to refile. Both parties appealed various orders by the district court, but the sole issue remaining before us is whether the district court abused its discretion in denying PCPC's motion for sanctions.

## II.    STANDARD OF REVIEW

Because the district court is "familiar with the issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." Cooter &

---

[1] However, on appeal, PCPC raises no argument that the district court abused its discretion in denying sanctions on the basis of 28 U.S.C. § 1927 or the district court's inherent power and instead exclusively rely upon Rule 11. Accordingly, any argument with respect to 28 U.S.C. § 1927 or the district court's inherent power is abandoned. United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001).

3

Gell v. Hartmarx Corp., 496 U.S. 384, 402, 110 S. Ct. 2447, 2459, 110 L. Ed. 2d 359 (1990). Accordingly, we review a district court's decision to deny sanctions under Federal Rule of Civil Procedure 11 for abuse of discretion. Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or bases the decision upon findings of fact that are clearly erroneous." Id. (internal quotation marks omitted).

## III.    DISCUSSION

> Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.

Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 694 (11th Cir. 1995) (internal quotation marks omitted). Upon review, we conclude that the district court did not abuse its discretion in declining to impose sanctions against Manhattan. Tellingly, Manhattan's sole legal claim survived summary judgment. The advisory committee notes to Rule 11 provide that "if a party has evidence with respect to a contention that would suffice to defeat a motion for summary judgment based thereon, it would have sufficient 'evidentiary support' for purposes of Rule 11." Fed. R. Civ. P. 11 advisory committee notes of 1993.

Furthermore, upon review of the evidence documenting Manhattan's prefiling factual inquiry, we cannot say that there was no factual basis for the allegations in the complaint. See Davis v. Carl, 906 F.2d 533, 536 (11th Cir. 1990) (explaining that sanctions premised on factually groundless allegations are appropriate when "plaintiffs offered *no* evidence to support their allegations"). While PCPC correctly points out that Manhattan's factual allegations were made collectively against the various corporate and individual defendants, this generalization is likely attributable to the complex corporate structure of the Place Properties entities. Even Cecil Phillips, the undisputed leader of Place Properties, explained that he had difficulty in discerning the relationships between the various entities.

**AFFIRMED.**