[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11834
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00184-LMM-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHOICE PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 26, 2019)

Before WILSON, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Choice Phillips pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the district court sentenced him to 43 months' imprisonment and three years of supervised release. That custodial sentence was below both the ten-year statutory maximum penalty for the offense and the advisory guideline range of 46 to 57 months' imprisonment. Despite the district court's downward variance, Mr. Phillips argues that his 43-month sentence was substantively unreasonable because the district court failed to adequately consider evidence of an untreated brain injury that allegedly inhibited his ability to control his impulses and learn from past mistakes. Mr. Phillips also argues that, to the extent that the district court did consider his brain injury, it used that evidence to aggravate his sentence instead of mitigate it. Upon review of the record and the parties' briefs, we affirm.[1]

We review the substantive reasonableness of a defendant's sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). In order to impose a reasonable sentence, a district court must consider all of the applicable factors set out in 18 U.S.C. § 3553(a). *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th

---

[1] At sentencing, Mr. Phillips objected to his sentence as both procedurally and substantively unreasonable. On appeal, however, Mr. Phillips only argues substantive unreasonableness. We therefore do not consider whether his sentence is procedurally unreasonable. *See United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001).

2

Cir. 2015). We leave the weight afforded to any particular § 3553(a) factor to the district court's discretion, which we do not disturb unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment" and imposed an unreasonable sentence. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). For example, "a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189. A clear error of judgment occurs if the court "considers the proper factors but balances them unreasonably." *Id*.

Two factors support the reasonableness of Mr. Phillips' 43-month sentence. First, the sentence was substantially below § 924(a)(2)'s ten-year statutory maximum penalty. *See Rosales-Bruno*, 789 F.3d at 1256–57 (noting that the fact that a sentence is below the statutory maximum penalty "is a consideration favoring its reasonableness"). Second, the sentence was below Mr. Phillips' advisory guideline range of 46 to 57 months. *See United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006) (noting that a downward variance from the sentencing guidelines indicates reasonableness). Although it is not dispositive, the fact that Mr. Phillips' sentence was below both the statutory maximum and the advisory guideline range suggests that his sentence was not unreasonable.

To counter these facts, Mr. Phillips argues that the district court failed to adequately consider evidence that he suffered from an untreated brain injury and mental health issues. And, to the extent the district court did consider his mental health issues, Mr. Phillips argues that it used that evidence to aggravate his sentence. We find these arguments unpersuasive.

The record shows that, in determining the appropriate sentence, the district court did consider evidence that Mr. Phillips suffered from an untreated brain injury and mental health issues. At the beginning of the sentencing hearing, the district court acknowledged the evidence that Mr. Phillips offered to mitigate his sentence and stated that it had "reviewed the report in detail prior to [the sentencing hearing]." D.E. 41 at 3. After explaining that its downward variance was motivated in part to ensure that Mr. Phillips received credit for his time served, the district court stated that it "ha[d] concerns about [Mr. Phillips'] lack of treatment for some of the other issues." D.E. 41 at 30. *See* § 3553(a)(1) (considering the "history and characteristics of the defendant"). The district court also encouraged Mr. Phillips to find healthier ways to deal with his mental health issues and noted that prison, although not an ideal place, had some resources to help him. *See* D.E. 41 at 31; §§ 3553(a)(2), (a)(2)(D) (considering "the need for the sentence" to provide the defendant with "medical care[ ] or other correctional treatment").

The district court then considered other relevant § 3553(a) factors—particularly Mr. Phillips' substantial criminal history—to formulate his sentence. *Cf. Rosales-Bruno*, 789 F.3d at 1256 (concluding that an upward variance from the sentencing guidelines was reasonable in light of defendant's earlier crimes and because it was below the statutory maximum). Specifically, the district court explained that "[t]here was necessity for a serious sentence" because this was Mr. Phillips' third conviction for possessing a firearm as a felon. *See* D.E. 41 at 30. *See also* §§ 3553(a)(2), (a)(2)(A) (considering "the need for the sentence . . . to reflect the seriousness of the offense"). The district court also expressed concern for the public's safety because Mr. Phillips was committing property crimes while carrying a firearm and "those are circumstances where things turn bad and ugly very quickly." D.E. 41 at 29. *See* §§ 3553(a)(2), (a)(2)(C) (considering "the need for the sentence . . . to protect the public").

In our view, the district court did not abuse its discretion by sentencing Mr. Phillips to 43 months' imprisonment. His sentence was below both the statutory maximum and the advisory guideline range, and although Mr. Phillips presented mitigating evidence related to his mental health, his criminal history and the district court's legitimate concern for public safety supported a 43-month sentence.

We affirm Mr. Phillips' sentence.

**AFFIRMED.**